**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| LARAMIE MILLER and CHELSEA GRIMES, | § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| vs. | § § § | **COMPLAINT** Jury Trial Demanded |
| RITCHESON, LAUFFER & VINCENT, PC, | § § | |
| Defendant. | § | |

**NATURE OF ACTION**

1. Plaintiffs Laramie Miller ("Mr. Miller") and Chelsea Grimes ("Ms. Grimes") (collectively, "Plaintiffs") bring this action against Defendant Ritcheson, Lauffer & Vincent, PC ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendant transacts business in this district.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. "[T]he FDCPA is a strict liability statute—a collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

6. "To determine whether a particular collection practice violates the FDCPA, the Court 'must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.'" *Castro v. Collecto, Inc.*, 668 F. Supp. 2d 950, 959 (W.D. Tex. 2009) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

7. "The Fifth Circuit has explained the unsophisticated or least sophisticated consumer standard is meant to protect all consumers from abusive or deceptive collection practices and to protect debt collectors from consumers who misinterpret collection materials." *Id.* at 959-60.

## PARTIES

8. Plaintiffs are natural persons who at all relevant times resided in the State of Texas, County of Denton, and City of Sanger.

9. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

10. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. Plaintiffs are natural persons allegedly obligated to pay a debt.

13. Plaintiffs' alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal vehicle loan (the "Debt").

14. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

15. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

16. On October 30, 2018, Mr. Miller filed a voluntary petition for Chapter 13 bankruptcy relief.

17. Shortly thereafter, the creditor of the Debt retained Defendant to protect its interests with respect to the collateral securing the Debt (the "Vehicle").

18. However, due to Mr. Miller's failure to file the required schedules, statement of financial affairs, and a repayment plan, his bankruptcy petition was ultimately dismissed by the bankruptcy court.

19. Mr. Miller sent Defendant a cease and desist letter dated November 27, 2018.

20. A true and correct copy of Mr. Miller's November 27, 2018 letter is attached as Exhibit A.

21. Mr. Miller's November 27, 2018 letter states, in relevant part, "I formally notify you to cease all communications with me in regards to [the Debt] or any other debts that you allege I owe." Exhibit A.

22. Upon information and belief, Defendant received Mr. Miller's November 27, 2018 cease and desist no later than December 3, 2018.

23. Despite being notified of Mr. Miller's request that it cease further communication with him, Defendant ignored Mr. Miller's request.

24. In connection with the collection of the Debt, Defendant sent Plaintiffs written communication dated October 1, 2020.

25. Plaintiffs did not receive Defendant's October 1, 2020 letter until October 30, 2020.

26. A true and correct copy of Defendant's October 1, 2020 letter is attached as Exhibit B.

27. Defendant's October 1, 2020 letter was its initial communication to Plaintiffs with respect to the Debt.

28. Defendant's October 1, 2020 letter purports to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a). *See* Exhibit B.

29. Defendant's October 1, 2020 letter identifies the total amount of the Debt as "$39,849.75 as of September 25, 2020," and itemizes the Debt as follows:

> This is an accounting of the deficiency demanded on the Contract:
>
> | | | |
> |---|---|---|
> | 1. | Original Amount: | $32,903.85 |
> | 2. | Payments: | <$19,945.59> |
> | 3. | Sale Proceeds: | <$ 10.30> |
> | 4. | Interest Due: | $ 5,928.37 |
> | 5. | Late Charges: | $ 145.88 |
> | 6. | Repo Expense: | $ 1,110.33 |
> | 7. | Attorney's Fees: | $ 19,717.21 |
>
> **Total Amount Due on the Note as of September 25, 2020:**   $ 39,849.75
>
> Your payment should include interest accruing on the balance after September 25, 2020 at the rate of $4.12915 per day, until paid.

*Id.*

30. Although Defendant's October 1, 2020 letter informs Plaintiffs that the Vehicle was sold "for a total of $900.00," its itemization falsely, deceptively, or misleadingly identifies the "Sale Proceeds" as $10.30. *Id.*

31. Therefore, Defendant's October 1, 2020 letter attempts to collect, at the very least, $889.70 more than it is entitled to collect.

32. Defendant's October 1, 2020 letter states, in relevant part:

> Unless you notify me, within thirty (30) days after your receipt of this notice, that you dispute the validity of the debt or any portion thereof, I will assume the debt is a valid obligation owed by you. *If you provide such notice to me within thirty (30) days after your receipt of this letter, I will obtain verification of the debt from my client and a copy of such verification will be mailed to you.*

Exhibit B (emphasis added).

33. Defendant's October 1, 2020 letter fails to inform Plaintiffs that their dispute must be *in writing* to trigger Defendant's obligation to obtain and mail verification of the Debt to Plaintiffs. *See* 15 U.S.C. § 1692g(a)(4).

34. However, prior to the purported notice of the dispute rights contained in 15 U.S.C. § 1692g(a), Defendant's October 1, 2020 letter states:

> Please forward payment of the full amount due to my office immediately. I have been instructed that unless I receive a certified check, cashier's check, or money order for the full amount due on or before 5:00 p.m. on the 30th day after the date this letter is received by you, I am to take whatever legal action as necessary to protect my client's interests including filing a lawsuit against you. If the certified letter is returned to us by the post office, it will be presumed that you received the letter three (3) days following the date shown above and the deadline given will be calculated accordingly. If you fail to cure the default on or before said date and time, my client may file a lawsuit against you and seek to collect the balance of the debt plus all of its court costs and reasonable attorney's fees.

Exhibit B (emphasis omitted).

35. Thus, even if Defendant had accurately conveyed to Plaintiffs the dispute rights contained in 15 U.S.C. § 1692g(a), they are overshadowed by the preceding paragraph, which would cause a consumer to overlook their rights due to fear of an imminent lawsuit.

36. A consumer, faced with the above demand for payment, may well wonder what good it would do to dispute, given that he or she will face a lawsuit anyway if payment is not made.

37. Plaintiffs each sent Defendant a dispute letter dated November 7, 2020.

38. Because Plaintiffs did not receive Defendant's October 1, 2020 letter until October 30, 2020, their November 7, 2020 dispute letter was timely.

39. A true and correct copy of Plaintiffs' November 7, 2020 dispute letter is attached as Exhibit C.

40. In response, Defendant sent Plaintiffs a letter dated November 13, 2020 purporting to verify the Debt.

41. A true and correct copy of Defendant's November 13, 2020 letter and accompanying documents (the "Verification Letter") is attached as Exhibit D.

42. The Verification Letter identifies the total balance of the Debt as $40,035.56, as of November 9, 2020, itemized as follows:

> 1. The amount of the debt as of November 9, 2020 is $40,035.56 which is detailed as follows:
>
> | | |
> |---|---|
> | Principal: | $12,947.96 |
> | Interest: | $ 6,114.18 |
> | Late Charges | $   145.88 |
> | Repo Expenses | $ 1,110.33 |
> | Attorney's Fees | $19,717.21 |
> | TOTAL | $40,035.56 |

Exhibit D.

43. However, none of the documents included with the Verification Letter verify that the balance of the Debt is over $40,000.

44. For example, an agreed order from Mr. Miller's 2018 bankruptcy matter identifies that *as of November 6, 2018*, the total balance of the Debt was $19,040.84, comprised of $16,158 in unpaid principal, interest, and late charges, $1,191.52 in recovery and storage fees, *$1,500 in attorney's fees*, and $191.32 in costs. *See* Exhibit D at 8.

45. In addition, although the underlying contract creating the Debt provides that Plaintiffs "will pay *reasonable* attorney's fees and court costs," *see id*. at 5 (emphasis added), none of the documents show that a $19,717.21 attorney fee is reasonable.

46. Upon review of the Verification Letter, Plaintiffs were unsure as to where the $19,717.21 attorney fee came from given that Defendant failed to provide an explanation about how this fee was calculated, and provided no documents showing Defendant's billable rates, time billed, or that the creditor of the Debt had actually paid Defendant $19,717.21 in attorney's fees, especially when two years ago, the amount of attorney's fees was $1,500.

47. Therefore, the Verification Letter failed to verify the amount of the Debt.

48. What's more, the portions of the Debt that were itemized in Defendant's October 1, 2020 letter, i.e. the Original Amount, Payments, and Sale Proceeds, were combined in the Verification Letter and merely identified as the "Principal." *Compare* Exhibit B at 1, *with* Exhibit D at 1.

49. Despite failing to verify the amount of the Debt, Defendant continued its efforts to collect the Debt.

50. On or about November 17, 2020, in connection with the collection of the Debt, Defendant filed a lawsuit against Plaintiffs in the 367th Judicial District Court for the State of Texas.

51. A true and correct copy of the lawsuit and accompanying documents (collectively, the "Lawsuit") is attached as Exhibit E.

52. Defendant's Lawsuit again alleges that the balance of the Debt includes $19,717.21 in attorney's fees. *See* Exhibit E at 4.

53. Defendant also alleges that Plaintiffs "agreed to pay reasonable attorney's fees in the event of a default," and that the creditor is "entitled to recover an additional sum as compensation for attorneys' fees." *Id*.

54. Defendant then provides a sworn affidavit for attorney's fees that avers "a reasonable and necessary attorney's fee would be $2,500." *Id*. at 8.

55. Noticeably remiss from the Lawsuit is any evidence that its additional $19,717.21 attorney fee request is also reasonable and necessary.

56. By attempting to collect an attorney fee from Plaintiffs that is not reasonable, Defendant's actions were unfair and unconscionable.

57. Defendant also included another purported set of notices required in an initial communication by 15 U.S.C. § 1692g(a):

> **NOTIFICATION PURSUANT TO**
> **THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**
>
> The amount of the debt is shown in the attached Plaintiff's Petition, which is a sworn statement of the debt.
>
> The name of the creditor to whom the debt is owed is shown in the attached Plaintiff's Petition.
>
> The debt will be assumed to be valid unless you respond to the lawsuit as provided in the citation.
>
> A verification of the debt is shown in the attached Plaintiff's Petition.
>
> The name and address of the original creditor is shown in the attached Exhibit "A".
>
> The law firm named above is attempting to collect a debt and any information obtained will be used for that purpose. This law firm is a debt collector.

*See* Exhibit E at 6.

58. Again, Defendant failed to accurately convey to Plaintiffs the dispute rights contained in 15 U.S.C. § 1692g(a). *Compare* § 1692g(a)(1)-(5), *with* Exhibit E at 6.

59. Because Plaintiffs timely disputed the Debt previously, Defendant could not assume it is valid.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(c)

60. Mr. Miller repeats and re-alleges each factual allegation above.

61. "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer." 15 U.S.C. § 1692c(c).

62. The only exception to this directive to cease communication is that the debt collector may send one further communication only to advise that it is ceasing communication, or that it may or intends to invoke a specified remedy. 15 U.S.C. § 1692c(c)(1)-(3).

9

63. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Mr. Miller after having received a letter from him with a request to cease and desist all communication with respect to the Debt.

WHEREFORE, Mr. Miller prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Mr. Miller statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Mr. Miller actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Miller reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Mr. Miller pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

64. Plaintiffs repeat and re-allege each factual allegation above.

65. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

66. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v.*

*Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

67. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

68. "In order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)); *see also Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991) ("statutory notice must not only explicate a debtor's rights; it must do so effectively.").

69. "It is not enough that the dunning letter state the amount of the debt that is due. It must state it clearly enough that the recipient is likely to understand it." *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004).

70. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey the amount of the alleged Debt to Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00, per Plaintiff;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

  d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

  e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

  f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)

71. Plaintiffs repeat and re-allege each factual allegation contained above.

72. With respect to § 1692g(a)(4)-(5), "[t]he statute is clear. The debt collector "shall" notify the consumer of her right to dispute the debt in writing." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016); *see also Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) ("[C]onsumers [must] take the extra step of putting a dispute in writing before claiming the more burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b)."); *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005) (explaining that a consumer can trigger the right to verification "only through written dispute").

73. Under § 1692g(a)(4) of the FDCPA, a debt collector's initial written communication must contain:

> [A] statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

15 U.S.C. § 1692(a)(4).

74. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to meaningfully convey to Plaintiffs that a dispute of the Debt, or any portion thereof, must be made in writing in order to obtain verification of the alleged Debt or a copy of a judgment against Plaintiffs.

12

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(4);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00, per Plaintiff;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(b)

75. Plaintiffs repeat and re-allege each factual allegation contained above.

76. To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

77. "More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013).

78. The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself. *See Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938

(D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

79. "Courts have recognized FDCPA claims where a defendant has provided notice that satisfies the letter, but not the spirit, of the FDCPA requirements." *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1271 (S.D. Fla. 2005) (citing *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir.1996)).

80. One way in which a debt collection letter can overshadow the notice of rights under § 1692g is by threatening suit within the 30-day period.

81. While a debt collector may legally initiate suit before the expiration of the 30-day period, a debt collection notice violates § 1692g where such threats would cause an unsophisticated consumer to overlook or ignore his or her rights.

82. To assist debt collectors who wish to threaten suit in collection notices, Judge Posner has drafted "safe harbor" language—adopted by courts around the nation—that explains the apparent contradiction between the consumer's right to dispute within 30 days and the debt collector's right to bring suit before the expiration of that period, which reads, in relevant part, as follows:

> The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

*Bartlett v. Heibl*, 128 F.3d 497, 502 (7th Cir. 1997).

83. Where a collection letter makes no effort to explain that the consumer may take advantage of his or her rights under § 1692g, notwithstanding the threat to file a lawsuit within the 30-day dispute period, the debt collector runs the risk of violating § 1692g(b).

14

84. "Because the letter lacks any explanation of how the threats pressuring the consumer for immediate payment are consistent with the validation notice, the threats overshadow and contradict the notice, which therefore has not been effectively conveyed." *Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 819-20 (M.D.N.C. 2011).

85. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, during the thirty-day dispute period.

86. In addition, if a consumer requests validation, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification" and mails such verification to the consumer. 15 U.S.C. § 1692g(b).

87. "The verification provision must be interpreted to provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation. This information does not have to be extensive. It should provide the date and nature of the transaction that led to the debt . . . ." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785-86 (6th Cir. 2014).

88. Therefore, Defendant also violated 15 U.S.C. § 1692g(b) by continuing its efforts to collect the Debt, after having received Plaintiffs' dispute letter, without first verifying the Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00, per Plaintiff;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e

89.    Plaintiffs repeat and re-allege each factual allegation contained above.

90.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

91.    Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

    b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00, per Plaintiff;

    c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

92. Plaintiffs repeat and re-allege each factual allegation above.

93. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

94. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

95. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status the Debt.

    WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00, per Plaintiff;

    c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692e(2)(B)

96. Plaintiffs repeat and re-allege each factual allegation above.

97. Another example of conduct that violates section 1692e is the false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. 15 U.S.C. § 1692e(2)(B); *see West v. Costen*, 558 F. Supp. 564 (W.D. Va. 1983) (holding that defendants violated § 1692e(2)(B) because "there was no legal basis for imposing the service charges. Therefore the service charges were compensation which cannot be 'legally received'").

98. Defendant violated 15 U.S.C. § 1692e(2)(B) by falsely representing that Plaintiffs were responsible for attorney's fees in the amount of $19,717.21, in connection with the collection of the Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(B);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00, per Plaintiff;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692f

99. Plaintiffs repeat and re-allege each factual allegation contained above.

100. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

101. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

102. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiffs in connection with an attempt to collect an alleged debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00, per Plaintiff;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

103. Plaintiffs are entitled to and hereby demands a trial by jury.

Dated: January 14, 2021

                                                        Respectfully submitted,

                                                        <u>/s/ Russell S. Thompson, IV</u>
                                                        Russell S. Thompson, IV
                                                        Thompson Consumer Law Group, PC
                                                        5235 E. Southern Ave. D106-618
                                                        Mesa, AZ 85206
                                                        Telephone:     (602) 388-8898
                                                        Facsimile:      (866) 317-2674
                                                        rthompson@ThompsonConsumerLaw.com

                                                        Attorneys for Plaintiff